UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC QUINN FRANKLIN,<br><br>                Petitioner,<br><br>   v.<br><br>ROBERT W. FERGUSON,<br><br>                Respondent. | CASE NO. 3:19-CV-05017-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 31, 2019 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Eric Quinn Franklin filed his federal habeas Petition on January 3, 2019, pursuant to 28 U.S.C. § 2254, seeking relief from state court convictions. *See* Dkt. 1. Currently before the Court is Respondent Robert W. Ferguson's Motion to Dismiss. Dkt. 18. After considering the Motion to Dismiss and the relevant record, the Court concludes Petitioner is not "in custody" pursuant to the convictions he challenges and the Petition is time-barred. Therefore, the Court recommends the Motion to Dismiss (Dkt. 18) be granted and the Petition (Dkt. 6) be dismissed.

REPORT AND RECOMMENDATION - 1

## I.  Background

On August 9, 2002, a jury found Petitioner guilty of three counts of unlawful delivery of a controlled substance. Dkt. 20-1, pp. 2-3. On September 24, 2002, Petitioner was sentenced to 116 months confinement and nine to twelve months of community custody. *Id*. at pp. 2-13. Petitioner challenged his convictions and sentence on direct appeal, which the Court of Appeals of the State of Washington affirmed on January 21, 2004. *Id*. at pp. 19-28. The Washington State Supreme Court denied review of the direct appeal on November 3, 2004. *Id*. at p. 31.

Petitioner filed an application for a state collateral attack, a personal restraint petition ("PRP"), on November 22, 2005. Dkt. 20-1, pp. 33-40. The state court of appeals dismissed the PRP and issued a certificate of finality on February 9, 2007. *Id*. at pp. 42-45, 47-48.

On January 3, 2019, Petitioner initiated this federal action. Dkt. 1, 6. On April 2, 2019, Respondent filed a Motion to Dismiss asserting the Petition should be dismissed because: (1) Petitioner is not "in custody" for the purposes of § 2254; and (2) the Petition is untimely under the federal statute of limitations. Dkt. 18. Petitioner filed his Response to the Motion to Dismiss on April 22, 2019. Dkt. 21.

## II.  Discussion

### A.  *Custody Requirement*

Respondent maintains the Petition should be dismissed because Petitioner is no longer "in custody" for the August 9, 2002 convictions challenged in the Petition. Dkt. 18. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his

1  federal petition. *Id*. at 490-91. The "in custody" requirement is met when a petitioner "is subject
2  to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v.*
3  *Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240
4  (1963)). When the conviction or sentence under attack has fully expired at the time the petition is
5  filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492.
6  Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully
7  expired merely because the prior conviction could be used to enhance a sentence imposed for
8  a future conviction. *Id*. at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S.
9  394, 403-04 (2001). The petitioner bears the burden of establishing the Court has subject matter
10 jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).
11         Here, on September 24, 2002, Petitioner was sentenced a total of 116 months of
12 incarceration and up to 12 months of community custody. Dkt. 20-1, pp. 2-13. Therefore, if
13 Petitioner served his entire sentence he would have been released from incarceration on May 24,
14 2012 and his community custody would have expired, at the latest, on May 24, 2013. Petitioner
15 did not file the Petition until January 3, 2019, more than five and a half years after the last
16 possible date he would have been "in custody" for the 2002 state convictions. *See* Dkt. 1, p. 22.
17         Petitioner asserts he meets the "in custody" requirement because he was in federal
18 custody when he filed the Petition. *See* Dkt. 21, p. 12. Petitioner does not allege, nor does the
19 Court find, Petitioner was in federal custody serving a sentence for the 2002 state convictions
20 challenged in the Petition. *See* Dkt. 1. Furthermore, Petitioner is not challenging the validity of
21 the federal conviction he was serving at the time he filed this action and may not challenge the
22 federal conviction through a § 2254 petition or on the ground that the 2002 state convictions
23 were unconstitutionally obtained. *See* Dkt. 6; *Lackawanna*, 532 U.S. at 403-04 (holding if a
24

"conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained"). Therefore, Petitioner has not shown he was "in custody" for the 2002 state convictions when he filed the Petition. *See Quintana v. Lundgren*, 368F.Supp.2d 1056 (C.D. Cal. 2005) (finding a petitioner serving a federal sentence could not challenge an expired state conviction used to enhance his federal sentence because he was not "in custody" on the state conviction and finding conversion to a § 2255 petition would not give the court jurisdiction as a prisoner cannot challenge an expired state conviction in federal court).

As Petitioner has not shown he was serving a sentence as a result of the 2002 state convictions on the date he filed the Petition, Petitioner does not meet the "in custody" requirement. Thus, the Court lacks jurisdiction over this case and the Court recommends the Petition be dismissed.

B.  *Statute of Limitations*

As the Court lacks jurisdiction over this case, the Court need not consider Respondent's argument that Petitioner's claims are time-barred. However, the Court has considered Respondent's argument and finds the Petition is barred by the one-year statute of limitations.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is

pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

A direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner filed a direct appeal challenging his 2002 state convictions and sentence. *See* Dkt. 20-1, pp. 19-28. The Washington State Supreme Court denied review on November 3, 2004. *Id.* at p. 31. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, making his direct appeal final on February 1, 2005, the date the time for filing a petition for certiorari expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment). The AEDPA limitations period began running the next day, on February 2, 2005. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (finding the one-year statute of limitations began to run the day after the petitioner's conviction became final).

The limitations period ran for 293 days, then, on November 22, 2005 -- the date Petitioner filed his PRP -- the limitations period tolled pursuant to 28 U.S.C. § 2244(d)(2). *See* Dkt. 20-1, pp. 33-40. On February 9, 2007 – the date on which Petitioner's PRP became final – the limitations period resumed. *See* Dkt. 20-1, pp. 47-48; *see also Corjasso*, 278 F.3d at 879 (finding the statute of limitations remains tolled until the state collateral attack becomes final). When his PRP became final, Petitioner had 72 days (for a total of one year) remaining, or until April 23, 2007, to file a timely federal habeas petition. Petitioner did not file the Petition until January 3, 2019, which was more than eleven years and eight months after the limitations period expired. *See* Dkt. 1.

Petitioner asserts the Petition is not barred by the statute of limitations because the 2002 state convictions are void under Washington law and, therefore, still open to direct and collateral attack. Dkt. 21. Petitioner's allegation that the 2002 state convictions are void is merely argument regarding the merits of the Petition. Petitioner has not provided an "authoritative ruling stating" his convictions and sentence are "actually void." *Cardenas v. Swenson*, 2006 WL 1867303, at * 1 (E.D. Wash. June 30, 2006). "Consequently, Petitioner's argument alone will not delay the onset of the limitations period." *Id.*

Petitioner also alleges he is exempt from the state's one-year time limit. *Id.* at p. 16. However, the federal statute of limitations is distinct from the state's statute of limitations. Therefore, regardless of whether Petitioner is exempt from the state's one-year time limit, he is not exempt from the federal statute of limitations. *See e.g. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

For the above stated reasons, the Court finds Petitioner has not shown the Petition was timely filed. As the record reflects the Petition was filed after the statute of limitations had run, the Petition is untimely.

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005). As discussed above, Petitioner contends the statute of limitations does not apply in this case. *See* Dkt. 21. Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition.

REPORT AND RECOMMENDATION - 6

*See* Dkt. 6, 21. Therefore, Petitioner fails to show he is entitled to equitable tolling and the Petition is barred by the § 2244 limitations period.

### III. Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing record.

### IV. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of the

1  Petition or would conclude the issues presented in the Petition should proceed further. Therefore,
2  the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this
3  Petition.

4  **V.    Conclusion**

5  For the above stated reasons, the Court recommends the Motion to Dismiss (Dkt. 18) be
6  granted and the Petition (Dkt. 6) be dismissed. No evidentiary hearing is necessary and a certificate
7  of appealability should be denied.

8  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
9  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
10  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
11  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
12  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May
13  31, 2019, as noted in the caption.

14  Dated this 16th day of May, 2019.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge