UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC QUINN FRANKLIN,

                Petitioner,

    v.

ROBERT W. FERGUSON,

                Respondent.

CASE NO. C19-5017 BHS

ORDER DENYING PETITIONER'S
MOTIONS TO AMEND

      This matter comes before the Court on Petitioner Eric Quinn Franklin's

("Franklin") three motions to amend judgment, Dkts. 27, 29, 30.

      On February 15, 2019, Franklin filed a petition for writ of habeas corpus

challenging a 2002 state court conviction.  Dkt. 6.  On April 2, 2019, Respondent Robert

W. Ferguson ("State") filed a motion to dismiss the petition because Franklin was no

longer in state custody and the petition was untimely.  Dkt. 18.  On May 16, 2019, the

Honorable David W. Christel, United States Magistrate Judge, issued a Report and

Recommendation ("R&R") recommending that the Court grant the State's motion. Dkt.

22.  Judge Christel set May 31, 2019 as the deadline for filing objections.  *Id.*  On June 3,

2019, The Court adopted the R&R stating that no objections had been filed.  Dkt. 23.  On

June 11, 2019, Franklin filed objections.  Dkt. 25.

      On July 2, 2019, Franklin filed a motion to amend judgment.  Dkt. 27.  On July

11, 2019, Franklin filed another motion, which is a supplement to the previous motion.

Dkt. 29.  On July 12, 2019, Franklin filed another motion to amend judgment.  Dkt. 30.

Franklin argues that his petition is proper because he meets an exception to the general

rule that a "defendant generally may not challenge the enhanced [federal] sentence

through a petition under § 2254 on the ground that the prior [state] conviction was

unconstitutionally obtained."  *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394,

403–04 (2001).  Franklin contends that his state court conviction was obtained in

violation of the Double Jeopardy Clause of the Constitution.  Dkt. 27.  The Supreme

Court, however, has only recognized a few exceptions to this general rule and violation of

the Double Jeopardy Clause is not one of them.  Thus, even if Franklin's petition could

be reviewed on the merits despite the serious issues with prerequisites such as exhaustion

and timeliness, Franklin has failed to establish that his enhanced sentence was obtained in

violation of "clearly established Federal law, as determined by the Supreme Court of the

United States."  28 U.S.C. § 2254.  Accordingly, the Court **DENIES** Franklin's motions

to amend, Dkts. 27, 29, 30, and **DENIES** Franklin a certificate of appealability.

      **IT IS SO ORDERED**.

      Dated this 12th day of September, 2019.


BENJAMIN H. SETTLE
United States District Judge