UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC QUINN FRANKLIN,

                 Petitioner,

   v.

I. JACQUES, et al.,

                 Respondents.

CASE NO. C19-5017 BHS

ORDER DENYING PETITIONER'S MOTIONS FOR ENTRY OF FINDINGS OF FACT AND CONCLUSIONS OF LAW AND DENYING PETITIONER'S MOTION FOR ORDER AS MOOT

This matter comes before the Court on Petitioner Eric Quinn Franklin's ("Franklin") motions for the court to enter findings of fact and conclusions of law on its denial of his habeas petition, Dkts. 36, 38, and motion for order, Dkt. 39. The Court has considered the pleadings filed in support of the motions and the remainder of the file and hereby denies each motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

On January 3, 2019, Franklin filed a habeas petition pursuant to 28 U.S.C. § 2254 seeking relief from a 2002 state court conviction. Dkt. 1-1. On April 2, 2019, Respondent filed a motion to dismiss arguing that the petition was untimely and that Franklin was not "in custody" for purposes of the habeas statute. Dkt. 18. On May 16, 2019, United States Magistrate Judge David Christel issued a Report and Recommendation (R&R) concluding that Respondent's motion should be granted. Dkt. 22. Judge Christel reasoned that even if Franklin had served the entire state sentence imposed on his state conviction,

the period of his community custody/supervised release, also imposed because of the conviction, would have expired on May 24, 2013 at the latest. *Id.* Thus, the R&R found that Franklin was no longer serving a sentence on his state conviction when he filed his § 2254 petition on January 3, 2019, and therefore, the petition should be dismissed with prejudice.[1] *Id.* The R&R further concluded that the petition was untimely. *Id.* Judge Christel set May 31, 2019 as the deadline for filing objections. *Id.*

Franklin failed to timely object to the R&R. On June 3, 2019, this Court issued an order adopting the R&R in full and dismissing Franklin's petition with prejudice. Dkt. 23. The Clerk of Court entered judgment the next day. Dkt. 24.

On June 11, 2019, Franklin untimely objected to the R&R. Dkt. 25. On July 2, 2019, Franklin filed a motion to amend judgment. Dkt. 27. On July 11, 2019, Franklin filed a motion to amend various filings in the case and supplementing his motion to amend judgment. Dkt. 29. On July 12, 2019, Franklin filed another motion to amend judgment. Dkt. 30.

On September 12, 2019, the Court issued an order denying Franklin's motions to amend. Dkt. 35. The Court reasoned as follows:

> Franklin argues that his petition is proper because he meets an exception to the general rule that a "defendant generally may not challenge the enhanced [federal] sentence through a petition under § 2254 on the ground that the prior [state] conviction was unconstitutionally obtained." *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001).

---

[1] In 2011, Franklin was convicted on federal drug charges in this Court. No. 11-cr-5335 BHS. On January 29, 2019, approximately three weeks after he filed his § 2254 petition seeking relief from the earlier state conviction, the Court resentenced Franklin to time served and imposed three years of supervised release on the federal charge. *Id.* Thus, Franklin was "in custody" on the federal conviction when he filed his petition.

> Franklin contends that his state court conviction was obtained in violation of the Double Jeopardy Clause of the Constitution. Dkt. 27. The Supreme Court, however, has only recognized a few exceptions to this general rule and violation of the Double Jeopardy Clause is not one of them. Thus, even if Franklin's petition could be reviewed on the merits despite the serious issues with prerequisites such as exhaustion and timeliness, Franklin has failed to establish that his enhanced sentence was obtained in violation of "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254.

*Id.*

On October 8, 2019, Franklin filed a one-paragraph motion requesting the Court "enter Findings of Fac[t] and Conclusions [of] law in support of its September 12, 2019 decision rejecting [his] 28 U.S.C. § 2254 petition and denying [his] habeas relief and a certificate of appealability." Dkt. 36. Franklin asserts that support for his motion is found in Fed. R. Civ. P. 52 ("Rule 52"). *Id.* On October 31, 2019, Franklin filed an amended motion including proposed findings of fact and conclusions of law. Dkts. 38, 38-1.

On November 11, 2019, Franklin filed a motion for order exempting him from fees associated with his use of the Public Access to Electronic Court Records ("PACER") service. Dkts. 39, 39-1.

**II. DISCUSSION**

Contrary to Franklin's assertion, his motion seeking to require the Court to enter findings of fact and conclusions of law on its dismissal of his habeas petition finds no support in Rule 52. Instead, Rule 52 states that the Court "is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(3). In this case,

| 1 | Respondent moved to dismiss Franklin's petition because he was not in custody and
| 2 | because the petition was untimely. Dkt. 18. A motion to dismiss is a Rule 12 motion.
| 3 | Thus, Judge Christel's R&R recommending this Court grant Respondent's motion to
| 4 | dismiss because Franklin was not in custody, and this Court's subsequent order finding
| 5 | the same, were "rulings on a motion under Rule 12 . . . ." Fed. R. Civ. P. 52(a)(3).
| 6 | Therefore, the Court was not required under Rule 52 to set out findings of fact and
| 7 | conclusions of law in its order adopting the R&R and dismissing Franklin's petition. The
| 8 | Court's September 12, 2019 order denying Franklin's motions to amend follows similar
| 9 | reasoning because Rule 52 does not require the Court to enter findings on a motion. *Id.*
| 10 | In any case, by adopting the R&R, the Court accepted in full Judge Christel's
| 11 | factual findings and conclusions of law as stated in the R&R. Dkt. 23. Even if this were
| 12 | not the case, the Court would nevertheless decline to enter Franklin's proposed findings
| 13 | of fact and conclusions of law, Dkt. 38-1, because they are unsupported by the record.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Franklin's motions to enter findings of fact and conclusions of law on the Court's denial of his habeas petition, Dkts. 36, 38, are **DENIED**. Franklin's motion for an order exempting him from PACER fees, Dkt. 39, is **DENIED as moot.**

Dated this 16th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge